## R. I. SOCIETY FOR THE PREVENTION OF CRUELTY TO CHILDREN *vs.* SUSIE HUESTON.

### PROVIDENCE—APRIL 23, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Custody of Minor. Habeas Corpus.*

In a proceeding for the custody of a minor child, the welfare of the child is the paramount consideration, and the decree of the Municipal Court awarding the custody is not conclusive.

A minor child, whose custody had been given by the Municipal Court to the petitioner, was placed by the latter with the respondent, with the understanding that she should be sent to school, to church, and Sunday-school, with the view of bringing her up in her parents' faith. The respondent alleged that the health of the child had not been such as to warrant the sending her to school ; that she had been instructed at home and taught to read and write ; that the child was reluctant to attend church and Sunday-school, and that the respondent, though she had not compelled her, had influenced her to do so and had given her some religious instruction. No objection was made as to the suitableness of the respondent's home.

Upon a petition for a writ of *habeas corpus* to obtain the custody of the minor :—

*Held*, that, as the right of the petitioner to the custody of the child would terminate under the decree in less than two years, the interests of the child would not be promoted by a change.

*Held,* further, that it was the duty of the respondent to provide for the education of the child, and to that end to send her to school or to ascertain by competent medical advice that such course was not justifiable; and that if the respondent should persistently refuse to perform this duty, such refusal might be deemed a sufficient reason for a change of custody.

PETITION for a writ of *habeas corpus.* The facts are fully stated in the opinion. Heard on petition, and petition denied.

MATTESON, C. J. This is a petition for a writ of *habeas corpus.* It sets forth that by virtue of a decree of the Municipal Court, entered March 29, 1898, the petitioner is entitled to the custody and control of Mary A. O'Brien, a minor child of the age of sixteen years, but that the child is now wrongfully withheld from it by the respondent.

The testimony shows that the child was placed with the respondent shortly after the entry of the decree of the Municipal Court, with the understanding and agreement that she should be sent to school, and to church and Sunday-school, with the view of bringing her up in the Roman Catholic faith—the faith of her parents—but that the respondent had neglected to perform this part of the agreement. It was alleged in excuse that the health of the child has not been such as to warrant the sending of her to school, and that instead of so doing the respondent has given her instruction at home, and has taught her to read and write; that the child has shown a great reluctance against going to church and Sunday-school, and that the respondent, though she has not compelled the child to go to church and Sunday-school, has tried to influence her to do so, and has on some occasions taken her to the sisters at the convent, and has instructed her in the catechism. No objection was urged to the suitableness, in other respects, of the home provided by the respondent for the child.

(1) The petitioner rests its claim to the custody of the child on the decree of the Municipal Court awarding it her custody until she is eighteen years of age, as well as on the ground that the respondent has failed to perform the conditions of the agreement under which the child was placed in her care.

We do not think, however, that the decree of the Municipal Court is conclusive of the custody, since it is a cardinal rule that in a proceeding of this character the court will regard the welfare of the child as the paramount consideration. *Hope, Petitioner,* 19 R. I. 486. In view of the fact that the child is now upwards of sixteen years of age, so that the right of the society, under the decree, to her custody will terminate in less than two years, we do not think that her interests will be promoted by taking her from the home where she is apparently happy and contented, and where she can doubtless remain indefinitely, and delivering her to the society for the short period which remains during which it is entitled to her custody, then to be left without a home. We think, however, that it is the duty of the respondent to provide for the education of the child, and to that end to send her to school, or to ascertain by competent medical advice that the child's health will not justify her in so doing. If the respondent should persistently refuse to perform her duty in this respect, such refusal might be deemed a sufficient reason for a change of custody.

Petition denied.

*Richard E. Lyman,* for petitioner.

*Page & Page, and Arthur Cushing,* for respondent.